

U.S. Department of Justice

United States Attorney's Office
District of Delaware

---

Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

June 30, 2006

The Honorable Joseph J. Farnan, Jr.
U.S. District Judge
U.S. District Court
844 King Street
Wilmington, DE 19801

      Re:    United States v. Tracy Thompson, a/k/a Tracy Scott
              Criminal Action No. 06-19-JJF

Dear Judge Farnan:

      The defendant has accepted the Government's plea offer. Therefore, the parties respectfully request that the Court schedule a change of plea hearing. A copy of the proposed Memorandum of Plea Agreement is attached.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney


                    BY:        /s/
                              Beth Moskow-Schnoll
                              Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 06-19-JJF |
| TRACY THOMPSON, a/k/a TRACY SCOTT, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney, and Christopher Koyste, Esq., attorney for the defendant, Tracy Thompson, a/k/a Tracy Scott, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the defendant with identity theft in violation of 18 U.S.C. § 1028(a)(7) and carries a maximum sentence of 15 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2. The defendant understands that if she were to proceed to trial on Count One of the Indictment, the Government would have to prove each of the following elements of that offense beyond a reasonable doubt: (a) that the defendant knowingly used, without lawful authority, a means of identification of another person; (b) that the defendant so acted with the intent to commit an unlawful activity that constitutes a violation of Federal law, i.e. credit card fraud in

violation of Title 18, United States Code, Section 1029(a)(2); and (c) that the defendant's use was in or affected interstate commerce.

   3. The defendant knowingly, voluntarily, and intelligently admits that: (a) on or about July 14, 1999, with the intent to deceive Capital One and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (b) on or about August 1, 1999, with the intent to deceive Famous Barr and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (c) on or about August 1, 1999, with the intent to deceive American Express and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (d) on or about November 18, 2000, with the intent to deceive Capital One and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (e) on or about July 1, 2001, with the intent to deceive Bank First and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (f) on or about July 8, 2001, with the intent to deceive Target and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; (g) on or about August 4, 2001, with the intent to deceive First Premier Bank and for the purpose of obtaining a credit card, she knowingly and without lawful authority used another's social security number; and (h) on or about October 26, 2002, with the intent to deceive Wilmington Trust Company and for the purpose of obtaining a car loan, she knowingly and without lawful authority used another's social security number.

   4. The defendant understands that at sentencing the district court must consult the

United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees not to contest a two level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

6. The defendant agrees to pay the $100 special assessment at the time of sentencing. If the Court orders the payment of any fine and/or restitution as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Furthermore, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, that will not provide a basis for the defendant to withdraw her guilty plea.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_Tracy Thompson Scott_ BY: _Beth M. Schnoll_
Tracy Thompson, a/k/a Tracy Scott        Beth Moskow-Schnoll
Defendant                                Assistant United States Attorney

_Christopher Koyste_
Christopher Koyste, Esq.
Attorney for Defendant

Dated: 6/29/06


AND NOW this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.


_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

4